STATE OF MISSOURI, Respondent, v. WALTER GREGORY, Appellant.

### St. Louis Court of Appeals, April 24, 1888.

1. CRIMINAL LAW—EVIDENCE, IRRELEVANT.—In a prosecution against an officer for assault and battery by unnecessary violence in making an arrest, evidence offered to show that the person arrested was convicted of the offense charged, is properly excluded, as irrelevant.

2. ——— INSTRUCTIONS.—An instruction given may be incomplete, but will not be erroneous, if other instructions given at the same time supply its deficiencies.

APPEAL from the St. Louis Court of Criminal Correction, HON. E. A. NOONAN, Judge.

*Affirmed.*

CHAS. JOY and C. S. BROADHEAD, for the appellant: "If an officer in making an arrest for a misdemeanor is resisted, he may apply force to accomplish the arrest." *State v. McNally*, 87 Mo. 614. The error of giving an erroneous instruction is not cured by giving

a correct one on the same point. This has been decided in various cases in this state. *Singer v. Hudson,* 4 Mo. App. 145 ; 21 Mo. App. 565 ; *Newell v. Bolt and Iron Co.,* 5 Mo. App. 258, 259. "It is erroneous to give inconsistent instructions." *Henschen v. O'Bannon,* 56 Mo. 292 ; *Price v. Railroad,* 77 Mo. 508 ; *Stevenson v. Hancock,* 72 Mo. 614. " A contradiction between two instructions, so far from correcting the evils in either, multiplies them in both." *State v. Nauert,* 2 Mo. App. 295 ; *Bank v. Westlake,* 21 Mo. App. 573 ; *Goetz v. Railroad,* 50 Mo. 474 ; *State v. McNally,* 87 Mo. 644 ; 3 Mo. App. 142. " Where the law was properly declared for the defendant by an instruction, but its liability unduly extended in another given for the plaintiff, the error was not cured because of the proper instruction. The inconsistency between the two instructions was itself an error." *Welch v. Railroad,* 20 Mo. App. 477 ; *Seymour v. Seymour,* 67 Mo. 303.

S. BASS, and MARTIN, LAUGHLIN & KERN, for the respondent : Appellant complains in his brief that the court committed error in giving to the jury the seventh and last instruction for the state. There is nothing in this instruction to warrant the statement in appellant's brief that an officer in making an arrest can only use such force as is necessary to defend himself. It clearly states that an officer in making an arrest is allowed to use such force as is necessary to make it. We wish to ask the court to look carefully at the instructions given for the defendant. They very clearly set forth the rights and privileges of an officer in making an arrest, and give him full power to use such force as is necessary to make and complete the arrest. Every instruction he asked was given, and there was nothing in the instruction complained of which was inconsistent with the instructions given for the defendant. *State v. McNally,* 87 Mo. 644 ; Kelly, secs. 73, 491 ; 1 Whart. Crim. Law, secs. 1253, 1260 ; 1 Bishop Crim. Proc., secs. 159, 160, 163; 2 Bishop

Crim. Law, sec. 412. If this instruction was erroneous, its vice was certainly corrected by the instructions given for the defendant. *Carl v. Railroad*, 55 Mo. 476 ; *Whalen v. Railroad*, 60 Mo. 323.

THOMPSON, J., delivered the opinion of the court.

This was a criminal prosecution for an assault and battery. The defendant was a police officer of the city of St. Louis, and, as such, arrested the prosecuting witness, Mrs. Banks, for a breach of the peace committed in his presence. According to the testimony for the state, when he offered to arrest her she declined to go, and he took her by the shoulder. She thereupon got hold of the rail of the baluster, and, according to her testimony, he kicked her twice in order to loosen her hold and then dragged her down stairs to the street. The testimony for the defendant was to the effect that he took hold of her, but did not kick her or drag her down stairs. The jury found the defendant guilty and assessed against him a fine of ten dollars.

I. The first error assigned by the defendant, appealing, is, that the court erred in refusing to allow him to introduce evidence to show that the prosecuting witness was convicted of the misdemeanor for which he arrested her. We see no error in this. The question was, whether he used unnecessary force in accomplishing the arrest. Whether she was acquitted or convicted of the misdemeanor would have no relevancy to the issue on trial.

II. The jury were fully instructed upon the law of arrest by peace officers for misdemeanors committed in their presence ; but complaint is made of the following instruction :

"The court instructs the jury that an officer, in making an arrest, cannot use any more force than is necessary to make the arrest. He is not justified in assaulting a person under arrest, any further than to defend himself from an attack from such person."

We do not think that this instruction could have

misled the jury, when read in connection with the other instructions which were given. The second sentence is incomplete, and hence subject to verbal criticism, in that it fails to add, "or to maintain the arrest or prevent an escape," or some equivalent qualification. Certainly an officer has the right to assault a person who is under arrest for the purpose of preserving the arrest, of conducting him to a proper place of confinement, or preventing an escape, using no more force than necessary ; but this was sufficiently explained to the jury in the other instructions ; and the preceding sentence of this instruction, which told the jury that an officer, in making an arrest, cannot use any more force than is necessary to make the arrest,—impliedly told them that he can use as much force as is necessary for that purpose. The case here presented is not, we think, as counsel argue, a case where contradictory instructions have been given ; but rather a case where one instruction, somewhat incomplete in itself, is fully supplemented by other instructions in the series.

All the judges concurring, the judgment is affirmed.